## POLLARD *v.* RAILROAD COMPANY.

1. A judgment in assumpsit, brought by a husband and wife, on a contract by a carrier of passengers to carry her safely, for injuries to her while being carried, is a bar to another action of assumpsit on the same contract, by the husband alone, to recover for the same injuries.

2. A different rule prevails when the action is in tort against the carrier for a breach of his public duty, except, perhaps, in States where, as in New Jersey, the husband, in such an action, may by statute add claims in his own right to those of his wife.

ERROR to the Circuit Court of the United States for the District of New Jersey.

This was an action of assumpsit by Jerome B. Pollard, a citizen of Illinois, against the New Jersey Railroad and Transportation Company, a general carrier of passengers, for damages sustained by him in consequence of an injury to his wife, Sarah H. Pollard, caused by the negligence of the defendant while she was a passenger on its road, having a ticket from New York to Chicago, purchased for her by her husband.

The defendant, among other defences, pleaded a former recovery, setting out the record of a judgment in assumpsit in a former action in the same court, in which said Pollard and wife were plaintiffs and said company was defendant. The plea then sets out the contract for the transportation of said Sarah, the breach thereof and the judgment thereon, and avers that, before this writ was signed, said judgment was recovered by the said plaintiffs; that the promises and undertakings for the non-performance of which said judgment was recovered are the same promises and undertakings mentioned in the declaration in this action and none other; that said judgment still remains in full force, not having been reversed.

To this plea the plaintiff demurred. The demurrer having been overruled and judgment rendered for the defendant, Pollard sued out this writ of error.

*Mr. Albert A. Abbott* for the plaintiff in error.

A former recovery concludes the parties only as to the facts necessary to uphold it. It must appear that the claim in the pending action was litigated, or that the party was bound to present it in the former action; and that the matters which it

involves were legitimately within the issue, and necessarily and directly passed upon by the jury. The same evidence must be sufficient to support both actions. *Phillips* v. *Berick*, 16 Johns. (N. Y.) 137; *People* v. *Johnson*, 38 N. Y. 65; *Barwell* v. *Knight*, 51 Barb. (N. Y.) 267; *Royce* v. *Burt*, 42 id. 663; *Slauson* v. *Engelhart*, 34 id. 202; *Manny* v. *Harris*, 2 Johns. (N. Y.) 30; *Stowell* v. *Chamberlain*, 60 N. Y. 272; *Douglass* v. *Ireland*, 73 id. 107.

The damages claimed by the present plaintiff were not claimed, and could not have been recovered, in the former action. *Lewis et ux.* v. *Babcock*, 18 Johns. (N. Y.) 443; *Russell et ux.* v. *Corne*, 1 Salk. 119; *Holmes* v. *Wood*, 2 Wils. 424; *Whitcomb* v. *Barre*, 37 Vt. 148; *Kavanaugh* v. *Janesville*, 24 Wis. 618; *Hooper* v. *Haskell*, 56 Me. 251; 1 Chitty, Pl. 35, 16th Am. ed.

The statute of New Jersey (Nixon's Dig. 4th ed. p. 735) affords no exception to this point. It relates to actions *ex delicto* only. In this connection see *Brockbank* v. *Railroad Company*, 7 H. & N. 834.

A former recovery is binding only upon parties or their privies, who have a mutual or successive relationship to the same right or thing. It concludes the parties only in the character and as to the right in which they sue or are sued. Bigelow, Estoppel (2d ed.), p. 65; *Rathbone* v. *Hooney*, 58 N. Y. 467.

The present plaintiff was a party to the former action, not in his own right, but in the right of his wife; and he was there joined as a party only because of their relationship. They had no joint right to recover for the damages which the present plaintiff alone sustained.

*Mr. J. W. Scudder, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

A judgment in an action of assumpsit, brought by a husband and wife, on a contract by a carrier of passengers to carry the wife safely, for injuries to the wife while being carried, is a bar to another action of assumpsit on the same contract, by the husband alone, to recover for the same injuries. A different rule

prevails when the action is in tort against the carrier for a breach of his public duty, except, perhaps, in States like New Jersey, where by statute the husband may, in such an action, add claims in his own right to those of his wife. Rev. Laws N. J. 851, sect. 22.

*Judgment affirmed.*